THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-2-BO

SON BOYD, )
)
     *Plaintiff*, )
)
v. ) ORDER
)
PEGGY MATHEWSON WILSON )
)
)
     *Defendant.* )

This cause comes before the Court on plaintiff's apparent appeal of this Court's judgment which adopted Judge Numbers' memorandum and recommendation ("M&R") and subsequently dismissed the case. DE 11. For the following reason, plaintiff's "relief motion with extension for reinstate action and temporary restraint" is DENIED AS MOOT.

The fatal flaw in plaintiff's original filings was that he failed to provide proper summons within the appropriate time. The M&R pointed this out and gave plaintiff fourteen days to remedy the deficiency. DE 5. Plaintiff did not do so. DE 10. Without proper summons, this Court had no personal jurisdiction over defendant and dismissed the case without prejudice. *Id.*

This case is closed. "[I]n the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

This latest filing tries to do two things, and neither convinces this Court it was clear error to accept the M&R. First, attempting to remedy the summons deficiency, plaintiff provides a copy

1

of the request to waive service that plaintiff allegedly sent to defendant. DE 12-3. Second, attempting to sidestep the notice requirement altogether, plaintiff requests a temporary restraining order ("TRO"). DE 12-1.

Both attempts ignore the core issue. The Court dismissed the original action because the defendant had not been "served within 90 days of the filing of the complaint," therefore, the Court "'must dismiss the action without prejudice against the defendant or order that service be made within a specified time.'" DE 10 (quoting Fed. R. Civ. P. 4(m)). Therefore, plaintiff's previous filings were dismissed without prejudice. DE 11. Plaintiff does nothing to show that this was clear error.[1]

The Supreme Court defined "'dismissed without prejudice' as 'removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim.'" *Semtek Int'l v. Lockheed Martin*, 531 U.S. 497, 505–06 (2001) (citing Black's Law Dictionary (7th ed. 1999). Nothing is preventing plaintiff from refiling his case, but he will not find success by ignoring this Court's dismissal.

In other words, plaintiff has lost this round. He may return for round two by refiling his claim. But this Court will not weigh the merits of his filing until then. Accordingly, plaintiff's motion [DE 12] is DENIED AS MOOT.

SO ORDERED, this __10__ day of October, 2022.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff simultaneously asserts that he included the summons in the original filing and that he forgot to put the summons in the filing. DE 12. But plaintiff does not explain why, when given the opportunity to remedy this omission, plaintiff failed to do so.